# Exhibit A

 CT Corporation

**Service of Process Transmittal**
05/17/2021
CT Log Number 539566759

**TO:**   Peter Mastrostefano
Puma North America, Inc.
10 Lyberty Way
Westford, MA 01886-3616

**RE:**   **Process Served in Delaware**

**FOR:**   Puma North America, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joselyn Ramos, Individually And On Behalf Of All Others Similarly Situated, Pltf. vs. Puma North America, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CH00966 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/17/2021 at 13:33 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780112789700<br><br>Image SOP<br><br>Email Notification,  Amy Sardella  amy.sardella@puma.com<br><br>Email Notification,  Peter Mastrostefano  Peter.mastrostefano@puma.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                          Mon, May 17, 2021

**Server Name:**              Parcels Inc.

| | |
|---|---|
| Entity Served | PUMA NORTH AMERICA, INC. |
| Agent Name | 2514819 |
| Case Number | 2021CH00966 |
| Jurisdiction | DE |



Return Date: No return date scheduled
Hearing Date: 6/29/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
      Cook County, IL

FILED
5/14/2021 11:25 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00966

13330360

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Joselyn Ramos, individually and on behalf of
all others similarly situated,

Plaintiff(s)

v.

Puma North America, Inc., a Delaware
Corporation

Defendant(s)

c/o Corp. Trust Co., Corporation Trust Ctr.
1209 Orange St., Wilmington, DE 19801

Address of Defendant(s)

Case No.    2021CH00966

Please serve as follows (check one):    ○ Certified Mail    ○ Sheriff Service    ⦿ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/ answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/ approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED DATE: 5/14/2021 11:25 AM   2021CH00966

**Summons - Alias Summons**        **(03/15/21) CCG 0001 B**

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

FILED DATE: 5/14/2021 11:25 AM   2021CH00966

◉ Atty. No.: 62075       Witness date   5/14/2021 11:25 AM IRIS Y. MARTINEZ
○ Pro Se 99500

Name: J. Eli Wade-Scott

Atty. for (if applicable):       Iris Y. Martinez, Clerk of Court

Plaintiff

□ Service by Certified Mail: _____

Address: 350 North LaSalle Street, 14th Floor

□ Date of Service: _____
      (To be inserted by officer on copy left with employer or other person)

City: Chicago

State: IL   Zip: 60654

Telephone: 312.242.0859

Primary Email: ewadescott@edelson.com

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 5/14/2021 11:25 AM  2021CH00966

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES
#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com.
Gen. Info:    (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

**12-Person Jury**

Return Date: No return date scheduled
Hearing Date: 6/29/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
           Cook County, IL

FILED
3/1/2021 10:24 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 3/1/2021 10:24 AM   2021CH00966

| | |
|---|---|
| JOSELYN RAMOS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>PUMA NORTH AMERICA, INC., a Delaware corporation,<br><br>*Defendant.* | Case No.: 2021CH00966          12382421 |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Joselyn Ramos brings this Class Action Complaint and Demand for Jury Trial against Defendant Puma North America, Inc., to put a stop to its unlawful collection, use, and storage of Plaintiff's and the putative Class members' sensitive biometric data. Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief.

### NATURE OF THE ACTION

1.     Defendant Puma is a multinational corporation that designs and manufactures athletic and casual footwear, apparel, and accessories. Puma owns and operates several retail stores in the Chicagoland area.

2.     When employees first begin their jobs at Puma, they are required to scan their fingerprint in its biometric time tracking system as a means of authentication, instead of using only key fobs or other identification cards.

3.     While there are tremendous benefits to using biometric time clocks in the workplace, there are also serious risks. Unlike key fobs or identification cards—which can be

FILED DATE: 3/1/2021 10:24 AM    2021CH00966

changed or replaced if stolen or compromised—fingerprints are unique, permanent biometric identifiers associated with the employee. This exposes employees to serious and irreversible privacy risks. For example, if a fingerprint database is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

4.      Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), specifically to regulate companies that collect and store Illinois citizens' biometrics, such as fingerprints.

5.      Despite this law, Puma disregards its employees' statutorily protected privacy rights and unlawfully collects, stores, and uses their biometric data in violation of BIPA. Specifically, Puma has violated (and continues to violate) BIPA because it did not:

- Properly inform Plaintiff and the Class members in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

- Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class's fingerprints, as required by BIPA; nor

- Receive a written release from Plaintiff or the members of the Class to collect, capture, or otherwise obtain fingerprints, as required by BIPA.

6.      Accordingly, this Complaint seeks an order: (i) declaring that Defendant's conduct violates BIPA; (ii) requiring Defendant to cease the unlawful activities discussed herein; and (iii) awarding liquidated damages to Plaintiff and the proposed Class.

## PARTIES

7.      Plaintiff Joselyn Ramos is a natural person and citizen of the State of Illinois.

8.      Defendant Puma North America, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 10 Lyberty Way, Westford, Massachusetts 01886. Puma conducts business throughout this County and the State of

Illinois.

FILED DATE: 3/1/2021 10:24 AM    2021CH00966

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois, operates retail stores in Illinois, and has committed tortious acts in Illinois.

10.     Venue is proper in Cook County because Defendant conducts business transactions in Cook County and operates retail stores located in Cook County.

## FACTUAL BACKGROUND

### I.     The Biometric Information Privacy Act.

11.     In the early 2000's, major national corporations started using Chicago and other locations in Illinois to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(b). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing, yet unregulated technology. *See* 740 ILCS 14/5.

12.     In late 2007, a biometrics company called Pay By Touch—which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records—which, are unique biometric identifiers, can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who had used that company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but

FILED DATE: 3/1/2021 10:24 AM   2021CH00966

rather to the now-bankrupt company, and that unique biometric identifiers could now be sold to unknown third parties.

13.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

14.     BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*:

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information."

740 ILCS 14/15(b).

15.     BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment."-740 ILCS 14/10.

16.     Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and—most importantly here—fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *See id.*

17.     BIPA also establishes standards for how employers must handle Illinois

FILED DATE: 3/1/2021 10:24 AM 2021CH00966

employees' biometric identifiers and biometric information. *See* 740 ILCS 14/15(c)–(d). For instance, BIPA requires companies to develop and comply with a written policy—made available to the public—establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

18.     Ultimately, BIPA is simply an informed consent statute. Its narrowly tailored provisions place no absolute bar on the collection, sending, transmitting or communicating of biometric data. For example, BIPA does not limit what kinds of biometric data may be collected, sent, transmitted, or stored. Nor does BIPA limit to whom biometric data may be collected, sent, transmitted, or stored. BIPA simply mandates that entities wishing to engage in that conduct must make proper disclosures and implement certain reasonable safeguards.

**II.     Puma Violates the Biometric Information Privacy Act.**

19.     Despite being law since 2008, Puma collects, stores, and uses its employees' biometric data in violation of BIPA.

20.     Specifically, when employees begin work at Puma, they are required to have their fingerprints scanned in order to enroll them in its fingerprint database.

21.     Puma uses an employee time tracking system that requires employees to use their fingerprints as a means of authentication. Unlike a traditional time clock, employees have to use their fingerprint to "punch" in to or out of work.

22.     Puma failed to inform its employees of the complete purposes for which it collects their sensitive biometric data or to whom the data is disclosed, if at all.

23.     Puma similarly failed to provide its employees with a written, publicly available

FILED DATE: 3/1/2021 10:24 AM    2021CH00966

policy identifying its retention schedule, and guidelines for permanently destroying its employees' fingerprints when the initial purpose for collecting or obtaining their fingerprints is no longer relevant, as required by BIPA. An employee who leaves the company does so without any knowledge of when their biometric identifiers will be removed from Puma's database—or if they ever will be.

24.     The Pay By Touch bankruptcy that catalyzed the passage of BIPA highlights why conduct such as Puma's—whose employees are aware that they are providing biometric identifiers but are not aware of to whom or the full extent of the reasons they are doing so—is so dangerous. That bankruptcy spurred Illinois citizens and legislators to realize a critical point: it is crucial for people to understand when providing biometric data who exactly is collecting it, who it will be transmitted to, for what purposes, and for how long. But Puma disregards these obligations, and instead unlawfully collects, stores, and uses its employees' biometric identifiers and information without proper consent.

### FACTS SPECIFIC TO PLAINTIFF RAMOS

25.     Plaintiff Ramos worked for Puma at several different locations in Chicagoland area until 2019.

26.     As an employee, Puma required Plaintiff to scan her fingerprint so that it could use it as an authentication method to track time. Puma subsequently stored Plaintiff's fingerprint data in its database.

27.     Each time Plaintiff began and ended a workday, Puma required a scan of her fingerprint.

28.     Puma never informed Plaintiff of the specific limited purposes or length of time for which it collected, stored, or used her fingerprint.

FILED DATE: 3/1/2021 10:24 AM   2021CH00966

29.     Similarly, Puma never informed Plaintiff of any biometric data retention policy it developed, nor whether it will ever permanently delete her fingerprint.

30.     Plaintiff never signed a written release allowing Puma to collect or store her fingerprint.

31.     Plaintiff now seeks liquidated damages under BIPA as compensation for the injuries Puma has caused.

## CLASS ALLEGATIONS

32.     **Class Definition**: Plaintiff Joselyn Ramos brings this action pursuant to 735 ILCS 5/2-801 on behalf of herself and a Class of similarly situated individuals, defined as follows:

> All residents of the State of Illinois who had their biometrics, including scans of their fingerprints, collected, captured, received, otherwise obtained, or disclosed by Puma while residing in Illinois.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

33.     **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least hundreds of employees who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records.

FILED DATE: 3/1/2021 10:24 AM   2021CH00966

34.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a)  whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

    b)  whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, and storing their biometric identifiers or biometric information;

    c)  whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

    d)  whether Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

    e)  whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

    f)  whether Defendant complies with any such written policy (if one exists);

    g)  whether Defendant used Plaintiff's and the Class's fingerprints to identify them;

    h)  whether the violations of BIPA were committed negligently; and

    i)  whether the violations of BIPA were committed willfully.

35.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial

FILED DATE: 3/1/2021 10:24 AM 2021CH00966

resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

36. **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### FIRST CAUSE OF ACTION
#### Violation of 740 ILCS 14/15(a)
#### (On Behalf of Plaintiff and the Class)

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and—importantly—deletion) policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (i.e., when the employment relationship ends); and (ii) actually adhere to that retention schedule and actually

FILED DATE: 3/1/2021 10:24 AM 2021CH00966

delete the biometric information. *See* 740 ILCS 14/15(a).

39.     Puma is a corporation and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

40.     Plaintiff and the Class are individuals who had their "biometric identifiers" collected by Puma (in the form of their fingerprints), as explained in detail in Section II. *See* 740 ILCS 14/10.

41.     Plaintiff's and the Class's biometric identifiers or information based on those biometric identifiers were used to identify them, constituting "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

42.     Puma obtained and stored Plaintiff's and the Class's biometric identifiers. On information and belief, Puma maintains custody and control of the biometric data it possesses on its servers.

43.     Despite obtaining and possessing biometric information in violation of BIPA, Puma violated 740 ILCS 14/15(a) by failing to publicly provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and biometric information.

44.     On behalf of herself and the Class, Plaintiff Ramos seeks: (1) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the possession of biometric identifiers and biometric information as described herein; (2) liquidated damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, liquidated damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS 14/20(3).

FILED DATE: 3/1/2021 10:24 AM    2021CH00966

### SECOND CAUSE OF ACTION
### Violation of 740 ILCS 14/15(b)
### (On Behalf of Plaintiff and the Class)

45.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46.    BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information...." 740 ILCS 14/15(b) (emphasis added).

47.    Defendant is a corporation and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

48.    Plaintiff and the Class are individuals who had their "biometric identifiers" collected by Puma (in the form of their fingerprints), as explained in detail in Section II. *See* 740 ILCS 14/10.

49.    Plaintiff's and the Class's biometric identifiers or information based on those biometric identifiers were used to identify them, constituting "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

50.    Puma obtained and stored Plaintiff's and the Class's biometric identifiers. On information and belief, Puma maintains custody and control of the biometric data it possesses on its servers.

FILED DATE: 3/1/2021 10:24 AM   2021CH00966

51.     Puma failed to comply with the mandates of Section 15(b) by:

    a) Recklessly and/or negligently failing to inform Plaintiff and the Class in writing that their biometric identifiers and biometric information were being collected and stored (740 ILCS 14/15(b)(1));

    b) Recklessly and/or negligently failing to inform Plaintiff and the Class in writing of the specific purpose and length of time for which their biometric identifiers or biometric information was being collected and stored (740 ILCS 14/15(b)(2)); and

    c) Recklessly and/or negligently failing to obtain written releases from Plaintiff and the Class before it collected, used, and stored their biometric identifiers and biometric information (740 ILCS 14/15(b)(3)).

52.     By collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Puma violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA, 740 ILCS 14/1, *et seq.*

53.     On behalf of herself and the Class, Plaintiff Ramos seeks: (1) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (2) liquidated damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, liquidated damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS 14/20(3).

FILED DATE: 3/1/2021 10:24 AM 2021CH00966

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joselyn Ramos, on behalf of herself and the Class, respectfully requests that the Court enter an Order:

A.    Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Ramos as representative of the Class, and appointing her counsel as Class Counsel;

B.    Declaring that Defendant's actions, as set out above, violate BIPA;

C.    Awarding statutory damages of $5,000 for *each* willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

D.    Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including an Order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

E.    Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F.    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G.    Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

**JOSELYN RAMOS**, individually and on behalf of all others similarly situated,

Dated: March 1, 2021                    By: /s/ J. Eli Wade-Scott

FILED DATE: 3/1/2021 10:24 AM   2021CH00966

One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Ari J. Scharg
ascharg@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
Schuyler Ufkes
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
Firm ID: 62075