IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOSELYN RAMOS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PUMA NORTH AMERICA, INC., a Delaware corporation,<br><br>*Defendant*. | No. 21-cv-03192<br><br>Hon. Sharon Johnson Coleman |

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT**

This matter coming before the Court on Plaintiff's Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement (Dkt. No. 60), good cause being shown, the Court having jurisdiction, and the Court's being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this order shall have the same meaning as ascribed to them in the Class Action Settlement Agreement ("Settlement Agreement) (Dkt. No. 60-1).

2. Plaintiff has moved the Court for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with its incorporated documents, set forth the terms and conditions for a proposed settlement and dismissal of this case with prejudice. (Dkt. No. 60.) The Court having read and considered the Settlement Agreement and having heard the parties, hereby preliminarily approves the Settlement Agreement subject to the Final Approval Hearing referred to in this order, certifies the Settlement Class defined below for settlement purposes and finds that the Settlement Class defined below is likely to be certified for purposes of entering the Final Approval Order,

1

appoints Class Counsel and the Class Representatives, and approves the notice plan.

**Certification of the Settlement Class**

  3. For purposes of settlement only, the Court certifies the following Settlement Class as defined in the Settlement Agreement:

> All current and former employees of Puma who used a finger scanner at a Puma facility in the State of Illinois between March 1, 2016 and May 3, 2023.

Excluded from the Settlement Class are: (1) persons who executed Defendant's consent form related to the collection, use, disclosure, retention, and destruction of biometric data prior to their first use of Defendant's timekeeping system, (2) persons who have signed an arbitration agreement with Defendant, (3) any Judge or Magistrate presiding over this action and members of their families, (4) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (5) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (6) the legal representatives, successors, or assigns of any such excluded persons.

  4. The Court finds, subject to the Final Approval Hearing referred to below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of settlement only, that the Settlement Class likely satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure for purposes of entering the Final Approval Order, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (*e.g.*, whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Settlement Class's biometric identifiers or information, as defined by 740 ILCS 14/10; whether Defendant properly informed Plaintiff and the Settlement Class of its purposes for collecting, using, and storing their biometric identifiers

or information, 740 ILCS 14/15(b); whether Defendant obtained any written releases to collect, use, and store Plaintiff's and the Settlement Class's biometric identifiers or information, *id.*; and whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers or information, 740 ILCS 14/15(a))); Plaintiff Joselyn Ramos' claims are typical of the claims of the members of the Settlement Class; Plaintiff and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

**Preliminary Approval of the Settlement**

5. For purposes of settlement only: (a) J. Eli Wade-Scott and Schuyler Ufkes of Edelson PC are appointed Settlement Class Counsel for the Settlement Class; and (b) Plaintiff Joselyn Ramos is named Class Representative of the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff will adequately protect the interests of the Settlement Class defined above.

6. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Class set forth above. The Court further finds that, for purposes of settlement only, the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that, for purposes of settlement only, the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys familiar

3

with the legal and factual issues of this case; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class; and (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

**Notice and Administration**

7. The Court approves, as to form, content, and distribution, the plan for giving Notice to the Settlement Class—which includes direct Notice via U.S. Mail and email and the creation of the Settlement Website—as fully described and set forth in the Settlement Agreement and its Exhibits A, B, and C. The Court further finds that the Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of this case, the terms of the Settlement Agreement, and the right to object to the settlement or to exclude themselves from the Settlement Class. The parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

8. The Court approves the request for the appointment of Simpluris, Inc. as Settlement Administrator under the Settlement Agreement.

9. Pursuant to paragraph 4.1 of the Settlement Agreement, the Settlement Administrator is directed to (a) publish the Notice on the Settlement Website,

RamosBIPASettlement.com, and (b) send direct notice via email and U.S. Mail, all in accordance with the Notice plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the settlement online.

10. The Settlement Administrator is directed to send direct Notice via email and U.S. Mail by **May 31, 2023**.

**Exclusion**

11. Any person who meets the definition of the Settlement Class and who wishes to exclude themselves from the Settlement Class must submit their request for exclusion in writing to the Settlement Administrator (by email to: info@RamosBIPASettlement.com; or by mail to: Ramos v. Puma North America, Inc. Settlement Administrator, PO Box 25226, Santa Ana, CA 92799) on or before the Objection/Exclusion deadline of **July 26, 2023**. Any members of the Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

12. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Ramos v. PUMA North America, Inc.*, No. 21-cv-03192 (N.D. Ill.); (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. The Settlement Administrator shall create a dedicated email address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Ramos v. PUMA North America, Inc.*, No. 21-cv-03192 (N.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent

5

to an address or email address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the person serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by the Settlement Agreement, if approved. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs, meaning, *inter alia*, that each individual who seeks to opt out must send an individual, separate request to the Settlement Administrator that complies with all requirements of this paragraph.

### **Objections**

13. Any Settlement Class Member who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Approval Order being entered dismissing this case with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested incentive award to the Class Representative. To object, Settlement Class Members must sign and file a written objection on or before the Objection/Exclusion Deadline of **July 26, 2023**.

14. To be valid, the written objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and must include (a) the Settlement Class Member's full name and current address, (b) a statement that he or she believes himself or herself to be a member of the Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the Settlement Class Member desires the Court to consider, (f) the name and contact information of any and all

attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission).

2.1 To be valid, objections must be filed with the Court and postmarked, e-mailed, or delivered to Class Counsel (Schuyler Ufkes, sufkes@edelson.com, EDELSON PC, 350 North LaSalle Street, 14th Floor, Chicago, IL 60654) and to Defendant's Counsel (Gerald Maatman, GMaatman@duanemorris.com, DUANE MORRIS LLP, 190 South LaSalle Street, Suite 3700, Chicago, IL 60603) on or before the Objection/Exclusion Deadline. In addition, any objections made by a Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system.

15. Any Settlement Class Member who fails to file and timely serve written objections in compliance with the requirements above and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement.

**Final Approval Hearing**

16. The Final Approval Hearing shall be held before this Court on **August 16, 2023, at 9:00 a.m.,** to determine (a) whether the proposed settlement of the case on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of any incentive award to the Class

Representative. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

17. Class Counsel shall file papers in support of their request for attorneys' fees and expenses and the Class Representative's request for an incentive award (collectively, the "Fee Petition") with the Court on or before **July 12, 2023** (i.e., 14 days before the Objection/Exclusion Deadline). The Fee Petition shall be filed with the Court and promptly posted to the Settlement Website. Members of the Settlement Class may object on their own or may do so through separate counsel at their own expense by the Objection Deadline. Defendant may, but is not required to, file a response to Class Counsel's Fee Petition with the Court on or before the Objection Deadline of **July 26, 2023**. Class Counsel may file a reply in support of their Fee Petition with the Court on or before **August 9, 2023**.

18. Plaintiff shall file her papers in support of final approval of the Settlement Agreement, and in response to any objections, with the Court on or before **August 9, 2023**.

IT IS SO ORDERED, this 4th day of May, 2023.

_____
SHARON JOHNSON COLEMAN
UNITED STATES DISTRICT JUDGE